# Order

Michigan Supreme Court
Lansing, Michigan

July 21, 2014

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

149561 (13)

ROBERT HEXIMER,

       Plaintiff-Appellant,

v                                SC: 149561
                                     COA: 321601

CHIPPEWA CORRECTIONAL FACILITY WARDEN,

       Defendant-Appellee.

_____

On order of the Chief Justice, plaintiff's motion to waive fees is DENIED because MCL 600.2963 requires that a prisoner pursuing a civil action be liable for filing fees. Ordinarily, MCL 600.2963(8) would preclude plaintiff from seeking leave to appeal in this Court because of an inability to provide the initial partial fee. However, applying that statutory section to bar plaintiff from initiating an application for leave to appeal from the original complaint for habeas corpus filed in the court of appeals would violate the Equal Protection Clause of the Fourteenth Amendment. Smith v Bennett, 365 US 708; 81 S Ct 895; 6 L Ed 2d 39 (1961).

The Clerk shall furnish two copies of this order to plaintiff. Plaintiff has 21 days from the certification of this order to submit one of those copies to this Court. By doing that, plaintiff becomes responsible for paying the $375 filing fee. MCL 600.2963. Failure to timely submit the order will result in the appeal not being docketed in this Court. The Clerk shall retain plaintiff's pleadings until he timely submits the order or the 21-day period for doing so has expired.

Plaintiff is not required to pay an initial partial fee at the time he submits the order to this Court. The Department of Corrections is directed to collect amounts equal to 50 percent of the deposits made to plaintiff's account each month and remit $375 to this Court when that full amount is collected. Plaintiff may not file further appeals in this

Court from civil cases initiated by him until the entry fee in this appeal is paid in full. MCL 600.2963(8).





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 21, 2014

Clerk

jam